# MEMORANDA

## CASES NOT REPORTED IN FULL.

---

ELLA M. HOLLIDAY, Respondent, v. ISAIAH LEWIS AND OTHERS, Administrators, Etc., OF ANNA DORAN Deceased, Appellants.

*Promissory note — consideration of — when sufficient — delivery of — what sufficient to establish.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

This action, to recover a claim made by the plaintiff against the administrators of the estate of Anna Doran, was referred under the statute, and was upon a note of $400, payable to the order of the plaintiff, which was found among the papers of Anna Doran after her death. Anna Doran was the grandmother of the plaintiff, and after the decease of the plaintiff's father was appointed her general guardian, and continued such until the death of the said Anna.

The father of the plaintiff died in April, 1865, leaving the plaintiff him surviving, and then an infant about the age of ten years. The plaintiff's mother had died previous to the death of her father. Anna Doran, the intestate, was duly appointed guardian of the plaintiff in June, 1865, and died herself in August, 1865.

The father of the plaintiff, James E. Doran, was a major in the army and died in the service. He had no other place of residence at that time except with his mother, the said Anna Doran, and the plaintiff lived with the said Anna Doran until the death of the latter.

The note on which the plaintiff claimed, was in the words and figures following, to wit:

" $400.                          SYRACUSE, *February* 25, 1865.

" For value received, I promise to pay to the order of Ella M.
Doran four hundred dollars, with interest, one day after date

" (Cash borrowed.)                    ANNA DORAN."

The note when found had upon it an internal revenue stamp of
twenty cents canceled.

The plaintiff has now arrived at full age. The referee found that
the note was made for a good and valid consideration, and was
duly delivered to the plaintiff by the maker thereof, and ordered
judgment in favor of the plaintiff against the administrators of
Anna Doran for the amount of the note, with interest from the
day of its date. The defendants insist that there was no considera-
tion for the note, and that the note had not been delivered so as
to take effect.

James Doran, the father of the plaintiff, was home on a furlough
two months before his death, which is found to have occurred in
April, 1865, which would tend to show that Major Doran was at
home at the time the note was dated.

The court, at General Term, said: "There was some evidence
given tending to induce the belief that the note was given for
money which Major Doran had left with his mother, the maker,
or had deposited to her credit when he entered the army; but,
aside from this evidence, the note is expressed on the face of it
to have been given for value received, and imports a sufficient
consideration, and affords conclusive evidence of a good and
valid consideration, in the absence of any proof questioning the
consideration.

The main question is, as to the delivery, was the evidence suf-
ficient to authorize the referee to come to the conclusion that
there had been a sufficient delivery to enable the note to take
effect? Delivery, or something equivalent, is doubtless necessary
to the taking effect of a promissory note, but it need not be an
actual delivery to the person for whose benefit it is made; nor is
it absolutely essential that it should be delivered into the hands
of a third person for the benefit of the party for whom it is made.
The case does not show in whose handwriting the note is, and the
most rational presumption from the facts which do appear is, that
the note was made while the father was at home on furlough,

about two months before his death, and was by him placed in the hands of Anna Doran, the grandmother of the plaintiff, and with whom the custody of the person of the plaintiff, then an infant of tender years, was intrusted to be kept for the benefit of the plaintiff. The note was found by the administrators in a secretary or trunk, and among the papers which Anna Doran held as the administratrix of her husband's estate, which lends some force to the idea that she considered it held in trust. The taking of the note in the name of the donee; that is, payable only to the donee or order, is evidence of an appropriation to the benefit of the donee; and even if the donor retains the possession of the note during his life, it will be intended that he did so for the benefit of the donee. (*Fulton* v. *Fulton*, 48 Barb., 581.)

Where a testatrix deposited money in her own name "in trust for Charlotte Fuller Morse," it was held that the money belonged to Charlotte Fuller Morse, though no account could be given of the consideration upon which the trust arose. (*Millspaugh* v. *Putnam*, 16 Abb. Pr. R., 380.)

Bonds and mortgages assigned to a grandson of a deceased person, though not delivered to him, or the existence of the assignment communicated to him until after the death of the donor, were held to operate as valid transfers of the bonds and mortga6es. (*Hunter* v. *Hunter*, 19 Barb., 631.) So a deed, signed and acknowledged by the grantor, in the absence of the grantee, and where the testimony was to the effect that there never was any formal delivery, but after the death of the grantor the deed was found in his secretary among his private papers, a verdict sustaining the deed as valid was not disturbed. (*Scrugham* v. *Wood*, 15 Wend., 545; see, also, *Doe* v. *Knight*, 5 B. & C., 671; *Logan* v. *Deshay*, Clark's Ch., 209.) If a trust be created for the benefit of a third person, though without his knowledge at the time, he may subsequently adopt it and enforce its execution. (*Berly* v. *Taylor*, 5 Hill, 577.)

But, even without presuming the presence and participation in the transaction of the father of the plaintiff, the donor may constitute himself a trustee for the donee. (*Taylor* v. *Kelly*, 5 Hun, 115.) Where one Follett was a trustee for the plaintiff, as such, he loaned certain moneys of the plaintiff's to the firm of Follett &

Bradley, of which he was a member, and took of the firm as security a note and mortgage payable to the order of the plaintiff — the execution of the note and mortgage was wholly unknown to the plaintiff at the time, and was not discovered until a number of years thereafter when they were found among Follett's papers, he having become insane — it was held that there was a valid delivery to the plaintiff. (*Tucker* v. *Bradley*, 33 Vt., 325.)

On the whole, therefore, we think that the referee was, under the circumstances, justified in finding a sufficient delivery to the plaintiff to give effect to the note, which, as before stated, imported by express declaration on its face to have been made for *money borrowed*."

*D. Pratt*, for the appellants. *Wm. C. Ruger*, for the respondent.

Opinion by TALCOTT, P. J., SMITH, J., concurred · HARDIN, J., not sitting.

Judgment and order affirmed.